Filed 3/17/15  P. v. Watkins CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C076495 |
| v. | (Super. Ct. No. SF125404A) |
| MARCIST RASHAWN WATKINS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Marcist Rashawn Watkins asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

Matthew Franklin was in his driveway waiting to go to school when he saw defendant riding a bicycle.  Franklin knew defendant from the neighborhood; he never had any problems with him.  As defendant rode closer to Franklin's house, Franklin heard two gunshots coming from defendant's direction.  Franklin ran to the back of his house. He had been shot in the right leg.  He did not see anyone in the area other than defendant.

1

Franklin told law enforcement officers that the person who shot him was "Marquist." He described defendant as wearing a black tank top, tan cargo shorts, and black and white Nike shoes. Officers located defendant in the area, fitting the description provided by Franklin, and Franklin identified defendant as the person who shot him. Defendant was known to associate with a street gang that carries firearms and Franklin had been accused of hanging around rivals.

As part of a plea agreement, defendant pleaded guilty to assault with a firearm (Pen. Code, § 245, subd. (a)(2))[1] and admitted allegations that he committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) and personally inflicted great bodily injury (§ 12022.7). It was agreed he would receive the low term of two years for assault with a firearm, plus a consecutive 10-year term for the gang enhancement, for a total of 12 years in state prison. It was further agreed that sentence on the great bodily injury enhancement would be imposed and stayed and other enhancement allegations would be dismissed.

Defendant subsequently asked to withdraw his plea based on ineffective assistance of counsel. Following a *Marsden*[2] hearing the trial court found there was no showing of inadequate representation. Defense counsel said she did not believe there were grounds to withdraw the plea and the trial court proceeded with sentencing.

The trial court sentenced defendant consistent with the plea agreement, imposed various fines and fees, and awarded defendant 273 days of presentence credit. The trial court granted defendant's request for a certificate of probable cause. (§ 1237.5.)

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


     MAURO     , J.


We concur:


     ROBIE     , Acting P. J.


     DUARTE     , J.